IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


DAVID L. SIMMS, :
:
     Plaintiff : CIVIL NO. 3:CV-12-2276
:
  v. :
: (Judge Conaboy)
:
PA. DEPT. OF CORRECTIONS, ET AL., :
:
     Defendants :
_____

## MEMORANDUM
### Background

    This pro se civil rights action pursuant to 42 U.S.C. § 1983. Was filed by David L. Simms, an inmate presently confined at the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart). Named as Defendants are the Pennsylvania Department of Corrections; SCI-Waymart; DOC Secretary John E. Wetzel; and the following SCI-Waymart employees: Superintendent Wayne J. Gavin; Unit Manager L. White; Counselor David Chapel; and Deputy Superintendent Ronda Ellett.

    By Memorandum and Order dated December 6, 2012, this Court concluded that the Complaint was a flagrant violation of Federal Rule of Civil Procedure Rule 8 and subject to sua sponte dismissal because: (1) the DOC and SCI-Waymart were not properly named defendants for purposes of civil rights liability; (2) any claims

1

against DOC Secretary Wetzel, Superintendent Gavin, and Deputy Superintendent Ellett based upon either their respective supervisory capacities or their handling of his institutional grievances was subject to dismissal; (3) the purported verbal harassment attributed to Defendants White and Chapel did not rise to the level of a viable constitutional claim; (4) Plaintiff's claim that he was improperly assigned to a two man cell was constitutionally inadequate; (5) any request by Simms for release from confinement or which otherwise challenged the legality of his parole review must be pursued in a habeas corpus action; (6) any claims by Plaintiff for monetary damages against White and Chapel based upon parole interference is premature and cannot be maintained until the basis for that claim, the underlying parole review, has been rendered invalid.; (7) based upon the averments set forth in the Original Complaint a viable claim of sexual harassment had not been stated; (8) there were no facts asserted which could establish that the non-medical individual Defendants had any personal involvement in Simms' medical care; (9) the Complaint failed to state a viable claim of being forced to work was not been stated; and (10) the Complaint lacked facts which could sufficiently support an allegation that Plaintiff's assignment to a two man cell as opposed to a prison dorm was undertaken in retaliation for the prisoner's prior engagement in a constitutionally protected activity. See Doc. 7.

However, dismissal was entered with leave to file an amended

complaint within twenty (20) days of the date of the memorandum and Order. Specifically, Plaintiff was directed that he could cure the defects outlined above by filing a curative amended complaint which complied with Federal Rule of Civil Procedure 8(e) regarding any of the following: (1) his July 11, 2012 fall resulted from an unconstitutional condition of confinement; (2) there was deliberate indifference to a serious medical need; and/or (3) his placement in a two man cell was contrary to a medical directive. Simms was specifically warned that failure to timely submit a proper Amended Complaint or otherwise respond to the December 6, 2012 Memorandum and Order would result in dismissal of his action for failure to prosecute.

## **Discussion**

The relevant time period established by the December 6, 2012 Memorandum and Order has passed and Simms has not submitted an amended complaint, sought an enlargement of time in which to do so, or otherwise responded.[1] Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the Court in its Order for dismissal otherwise

---

[1] A review of the docket indicates that following entry of the December 6, 2012 Memorandum and Order Plaintiff filed a letter with the Court. However, the letter is dated December 1, 2012 (five days prior to entry of the December 6, 2012 Memorandum and Order) and it cannot be properly construed as a proposed amended Complaint. See Doc. 8.

3

specifies, a dismissal under this subdivision ... operates as an adjudication on the merits.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit instructed the district court to consider six (6) factors in considering whether to dismiss a complaint with prejudice where the plaintiff's counsel failed to conduct discovery and file a pre-trial statement within deadlines set by the Court: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

In a similar case, the Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint. See Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007). Based on the multiple significant deficiencies outlined by this Court's December 6, 2012 Memorandum and Order and Simms' failure to file a curative amended complaint, an application of the Poulis factors weighs in favor of dismissal. Simply put, Simms is personally responsible for the failure to file a timely curative amended complaint and other sanctions are not a

4

viable option since this case cannot proceed without the submission of a proper amended complaint.

In conclusion, the Plaintiff's failure to respond to this Court's December 6, 2012 Order is deemed a failure to prosecute and his action is hereby dismissed, with prejudice. An appropriate Order will enter.

1. Plaintiff's failure to respond to the Order of December 6, 2012, is deemed a failure to prosecute this action.
2. In accordance with Federal Rule of Civil Procedure 41(b), Plaintiff's action is hereby dismissed, with prejudice.
3. The Clerk of Court shall close this case.
4. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JANUARY 7, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID L. SIMMS, :
:
    Plaintiff : CIVIL NO. 3:CV-12-2276
:
  v. :
: (Judge Conaboy)
:
PA. DEPT. OF CORRECTIONS, ET AL.,:
:
    Defendants :
_____

## **ORDER**

AND NOW, THEREFORE, THIS     DAY OF JANUARY, 2013, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

    1.    Plaintiff's failure to respond to the Order of December 6, 2012, is deemed a failure to prosecute this action.

    2.    In accordance with Federal Rule of Civil Procedure 41(b), Plaintiff's action is hereby **DISMISSED**, with prejudice.

    3.    The Clerk of Court shall **CLOSE** this case.

    4.    Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

    RICHARD P. CONABOY
    United States District Judge